NELSON *v.* CONEY, et ux.

No. 39679    May 23. 1955    80 So. 2d 476

*T. Price Dale*, Hattiesburg, for appellant.

*Price, Phillips & McLendon*, McComb, for appellees.

ROBERDS, P. J.

On September 6, 1932, M. M. Coney executed to William B. Nelson an instrument in the form of a warranty deed, purporting to convey to grantee a tract of 340 acres of land located in Pike County, Mississippi.

Coney and his wife filed the bill in this cause, asserting that, as between them and Nelson, it was known and understood that the instrument, while in form a deed, was in fact and reality executed as security for repayment to Nelson of money he had advanced, and would in the future advance, to Coney to enable him to pay The Federal Land Bank of New Orleans, which held a trust deed on the property, and also to pay the taxes on the land, and thereby prevent foreclosure under the trust deed and sale of the land for nonpayment of taxes. The bill further asserted that Nelson had been repaid all money owing to him by Coney but that he refused to reconvey the land and was claiming to be the owner thereof. The chancellor found that the evidence sustained the foregoing charges and ordered Nelson to cancel the deed and reconvey the land to Coney, failing in which the decree empowered and directed the chancery clerk to execute a deed to Coney.

Nelson strongly urges here that the finding of the chancellor on these questions are not sustained by the evidence. Many witnesses testified in the case. We have examined the testimony carefully. It was sharply conflicting. It presented issues of fact for decision by the chancellor. Without detailing it, we think it amply justified the finding of the chancellor.

488

Nelson says Coney is estopped to assert he is the owner of the land and that the instrument was intended as, and was in fact, security for payment of an indebtedness because of these circumstances: In 1934 Lampton-Reid Company, a corporation, had a deed of trust on the land second to that of the Federal Land Bank of New Orleans. M. M. Coney and his wife Emma and William B. Nelson filed a bill in the Chancery Court of Pike County, Mississippi, alleging that Lampton-Reid Company was about to foreclose its second trust deed in violation of certain understandings that company had had with the complainants, and in violation of the rights of complainants under Chap. 247, Miss. Laws of 1934, known as the Moratorium Act. The bill asked that an equitable arrangement for making payments to Lampton-Reid and also for payment of the taxes be worked out and that Lampton-Reid be enjoined from foreclosing upon the property during the period covered by the arrangement. The chancellor granted the prayer of the bill, fixing the adjustment period as two years. That bill stated that Coney had conveyed the land here in controversy to Nelson and added "And that the said William B. Nelson is now the owner of the said three hundred and forty (340) acres of land that they conveyed to him." Coney signed that bill. While this recital was an important fact to be weighed in determining whether the instrument was a deed or mere security, we do not think it constitutes an estoppel against Coney to assert that fact.

Certain essentials must exist for one to be estopped to assert facts in his pleadings.

"The general rule, which has not been followed in all cases, is that the allegations or recitals made in a prior case or proceedings, in pleadings or otherwise, do not operate in a subsequent case * * * as a technical estoppel by record against the party making them." 31 C. J. S. 194, Sec. 7. And, as to persons against whom

estoppel operates, it is said in the same authority, page 195, Sec. 8 ''Estoppel by record exists only as between the same parties or those in legal privity with them, and cannot be insisted on by one who himself is not bound thereby.''

And, as to the subject matter, it is said in the same authority, page 195, Sec. 9, ''The rule of estoppel by record bars a second action between the same parties on an issue necessarily raised and decided in the first action.''

The proceeding against Lampton-Reid Company was not a litigation between Coney and Nelson. These parties were both complainants. The litigation was between them, on the one side, and Lampton-Reid Company on the other. Nothing was being adjudicated as between Coney and Nelson. Who had title to the land was not an issue. The benefits of the Moratorium Act were available to the mortgagor, or the owner in possession of the mortgaged premises, or anyone claiming under the mortgagor, or anyone liable for the mortgage debt. The proceeding was not to determine whether or not the deed held by Nelson was, in legal effect, a deed, vesting in Nelson absolute title to the land, or was held by him as security for a debt owing to him by Coney. The doctrine of estoppel by pleading was not applicable as against Coney under the circumstances surrounding the Lampton-Reid case and the case at bar.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.